IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CARBOFER USA, SALZGITTER MANNESMANN INTERNATIONAL (USA) INC., and GENERALI ASSICUROZIONI GENERALI S.p.A.** § § § § §<br>**Plaintiffs** §<br>V. §<br>§<br>**M/V TAI HONESTY, her engines, boilers, tackle, etc.,** *in rem*, **TAI SHING MARITIME CO. S.A., and TAIWAN NAVIGATION CO. LTD.** § § § § §<br>**Defendants** § | CIVIL ACTION NO. H-09-3903<br><br><br>(Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure)<br><br><br><br>ADMIRALTY |

## COMPLAINT

Now come Plaintiffs, CARBOFER USA, SALZGITTER MANNESMANN INTERNATIONAL (USA), INC., and GENERALI ASSICUROZIONI GENERALI S.P.A., (hereinafter collectively referred to as "Plaintiffs"), and file this Complaint against Defendants, M/V TAI HONESTY, *in rem*, and TAI SHING MARITIME CO. S.A. and TAIWAN NAVIGATION CO. LTD., *in personam*, (hereinafter collectively referred to as "Defendants") for causes of action which respectfully will be proven by a preponderance of credible evidence:

1.  This action involves claims by cargo owners and insurers against the M/V TAI HONESTY, the vessel owner, and the ocean carriers for loss and damage to maritime cargo arising from tort, bailment and/or breach of contract. Accordingly, this Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333. The Court has supplemental jurisdiction of Plaintiff's claims against Defendants under 28 U.S.C. §1367 because they are so related to the other claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution.

2. CARBOFER USA is a Delaware corporation with its principal place of business in Wilmington, Delaware.

3. SALZGITTER MANNESMANN INTERNATIONAL (USA), INC. is a Texas corporation with its principal place of business in Houston, Texas.

4. GENERALI ASSICUROZIONI GENERALI S.P.A. is a foreign insurance corporation with its principal place of business in Genoa, Italy.

5. TAI SHING MARITIME CO., S.A. ("Tai Shing"), owned, chartered, managed and/or operated the M/V TAI HONESTY as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai Port, China and Houston, Texas. Tai Shing is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating, chartering and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Oldendorff is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Tai Shing may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Tai Shing has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Tai Shing is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Tai Shing

with a summons is effective to establish personal jurisdiction over it. Tai Shing can be served by serving the Texas Secretary of State. Process or notice can be sent to Tai Shing at its home office located at 2nd-6th Floors, 29, Jinan Road, Section 2, Zhongzheng District, Taipei City, China, Republic of (Taiwan).

6. TAIWAN NAVIGATION CO., LTD. ("Taiwan Navigation"), owned, chartered, managed and/or operated the M/V TAI HONESTY as a common carrier of goods by water for hire between various ports, including the Ports of Shanghai Port, China and Houston, Texas. Taiwan Navigation is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating, chartering and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Oldendorff is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Taiwan Navigation may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Taiwan Navigation has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Taiwan Navigation is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Taiwan Navigation with a summons is effective to establish personal jurisdiction over it. Taiwan Navigation can be served by serving the Texas Secretary of State. Process or notice can be sent to Taiwan Navigation at its home office located at 2nd-6th

Floors, 29, Jinan Road, Section 2, Zhongzheng District, Taipei City, China, Republic of (Taiwan).

7. At all material times, Defendants owned and/or operated and/or managed and/or chartered the M/V TAI HONESTY, for use as an ocean common carrier of goods by water for hire between various ports, including the Ports of Shanghai Port, China and Houston, Texas.

8. On or about October 20, 2008, Defendants entered into transportation contracts, including bills of lading and/or other documents and commenced loading of seamless steel tubing and casing (hereinafter "steel cargo") for carriage from Shanghai Port, China to Houston, Texas.

9. Plaintiffs, as the owners and subrogated cargo insurers of the steel cargo carried aboard the vessel, delivered to the vessel and Defendants in Shanghai Port, China, the above steel cargo in good order and condition and Defendants agreed to safely receive, load, stow, secure, carry, discharge and deliver the steel cargo at Houston, Texas in the same good order and condition as when received aboard the vessel, in consideration of paid freight charges. Defendants acknowledged receipt of the steel cargo in good order and condition and, accordingly, issued various bills of lading including, but not limited to, Bill of Lading HDMUSHOHS8320113, free of exceptions or other notations for loss or damage, and loaded the steel cargo aboard the M/V TAI HONESTY for carriage to Houston, Texas.

10. Thereafter, on or about December 4, 2008, the M/V TAI HONESTY arrived at the port of Houston, Texas where the steel cargo was discharged not in the same good order and condition as when received but, on the contrary, damaged by rust and physical damage. The damages and losses to the steel cargo proximately resulted from Defendants' respective acts, omissions, negligence, breach of contract, breach of bailment and/or other breaches of duties of a

common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V TAI HONESTY.

11.     Plaintiffs, as a result of the above breaches by Defendants, have sustained damages in the amount of approximately $32,090.70 plus survey expenses and interest dating from December 15, 2008, demand for which has been made upon Defendants, but which they refuse to pay.

12.     In addition to the aforementioned damages, it has become necessary for Plaintiffs to employ the law firm of W. Sean O'Neil, Attorney at Law to recover the damages owed. Under Tex.Cix.Prac.&Rem. Code §38.001, Plaintiffs are entitled to recover their reasonable and necessary attorney fees from Defendants.

13.     At all times material, Plaintiffs owned or had a ownership interest in the steel cargo and brings this action for itself and/or trustee for all persons or entities, including any insurer(s) that are or may become interested in the steel cargo.

WHEREFORE, Plaintiffs pray that process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V TAI HONESTY, its engines, boilers, tackle, etc.; that all persons claiming an interest therein be required to appear and answer, under oath, all and singular, the matters aforesaid; that the *in personam* Defendants be cited to appear and answer, under oath, all and singular, the matters aforesaid; that Plaintiffs have judgment for its damages, interest and costs and necessary attorneys' fees, plus legal interest at the legal rate until paid and all costs of court.  Plaintiffs also pray for all such further relief, both general and special, at law or in equity, to which they may be entitled.

Respectfully submitted,

*/s/ W. Sean O'Neil, Esq.*
**W. Sean O'Neil**
TBA No. 24033807
SDTX No. 24835
12651 Briar Forest, Suite 220
Houston, Texas 77077
Telephone:  (281) 496-0193
Telefax:   (281) 496-0680
**ATTORNEY FOR PLAINTIFFS**

*PLEASE SERVE:*
**Tai Shing Maritime Co., Ltd.**
By Serving the Texas Secretary of State
With Copies of Service or Notice to:
2nd-6th Floors, 29, Jinan Road,
Section 2, Zhongzheng District,
Taipei City, China, Republic of (Taiwan).

**Taiwan Navigation Co., Ltd.**
By Serving the Texas Secretary of State
With Copies of Service or Notice to:
2nd-6th Floors, 29, Jinan Road,
Section 2, Zhongzheng District,
Taipei City, China, Republic of (Taiwan).

Please withhold *in rem* process.